IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| William Cline, | C/A No. 0:13-cv-01114-JFA |
| Plaintiff, | |
| vs. | **ORDER** |
| CitiMortgage, Inc., | |
| Defendant. | |

In this home loan modification dispute, CitiMortgage, Inc., ("Defendant") moves this court to dismiss the case for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 15. William Cline ("Plaintiff") has asserted against Defendant claims of negligence/negligent misrepresentation and alleges a violation of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-20 *et seq.* ("SCUTPA"). ECF No. 1. Defendant moves to dismiss each cause of action in the complaint on four grounds: (1) res judicata; (2) lack of a private right of action under the Home Affordable Modification Program ("HAMP") or under the South Carolina Supreme Court's Administrative Order No. 2011-05-02-01 ("Administrative Order"); (3) failure of the negligence/negligent misrepresentation claim under the economic loss

1

doctrine, for lack of identifiable duty, and for lack of damages; and (4) failure of the SCUTPA claim under the regulated industry exemption and for lack of identifiable damages. ECF No. 15. Plaintiff opposes the motion. ECF No. 16. The court heard oral arguments on the matter on November 14, 2013. For the reasons set forth below, this court grants Defendant's motion to dismiss all claims.

## I.    FACTUAL AND PROCEDURAL HISTORY

Plaintiff owned a home at 1399 Rolling Hills Road, Ridgeway, South Carolina, which was encumbered by a mortgage lien held by Defendant. According to the complaint, accepted as true for purposes of a Rule 12(b)(6) motion, Plaintiff stopped making certain mortgage payments at the direction of Defendant and in the belief that it would qualify him for a loan modification. Despite repeated assurances that it would, Plaintiff submits that Defendant declined to modify his loan.

In January 2011, Defendant filed a foreclosure action against Plaintiff in the Court of Common Pleas of Fairfield County, South Carolina, seeking to enforce the mortgage lien on the 1399 Rolling Hills Road property. Case No. 2011-CP-20-13. Plaintiff failed to answer, plead or otherwise appear, thereby defaulting. In May 2011, the South Carolina Supreme Court issued its Administrative Order, which outlined foreclosure intervention for all pending foreclosure actions. As a result, that same month, Plaintiff was served with a required notice of rights. However, Plaintiff did not participate in the foreclosure intervention outlined in the Administrative Order, and a certification of non-compliance was filed August 4, 2011.

After Plaintiff defaulted in the foreclosure action and after the certification, which lifted a stay required by the Administrative Order, a special referee held a foreclosure hearing on October 6, 2011. Notice of the hearing was provided to Plaintiff, who did not appear. The special referee entered its Judgment of Foreclosure and Sale ("Judgment") against Plaintiff in the amount of $299,254.17. In the Judgment, the special referee found that Plaintiff's loan was not subject to modification under HAMP because the HAMP process was completed and did not result in a modification. The property was sold on February 6, 2012, but the sale remained open until March 7, 2012, because Defendant had retained a right to pursue a deficiency judgment.

On February 29, 2012, before the sale closed, Plaintiff filed a petition for Chapter 13 relief with the United States Bankruptcy Court for the District of South Carolina. Bankruptcy No. 12-01291-DD. The filing automatically stayed the foreclosure sale. On July 18, 2012, the Bankruptcy Court entered an order confirming the Plaintiff's Chapter 13 plan. After a series of events—including a motion for relief from automatic stay because of Plaintiff's failure to make post-petition mortgage payments under the plan; a settlement of the motion for relief; a subsequent default by Plaintiff on payment obligations; and the Trustee's motion to dismiss—Plaintiff filed a voluntary motion to dismiss the bankruptcy case. The Bankruptcy Court granted Plaintiff's motion and dismissed the case on May 3, 2013.

On January 24, 2013, before the dismissal of the Chapter 13 bankruptcy case, Plaintiff filed a complaint in the Court of Common Pleas of Fairfield County, seeking to recover damages against Defendant for (1) negligence/negligent misrepresentation and

3

(2) a violation of SCUTPA.  Case No. 2013-CP-20-046.  Defendant removed to federal court, and that complaint now is the basis for the current motion to dismiss.

## II.     LEGAL STANDARD

When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to Plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999).  However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Accordingly, Plaintiff must put forth claims that cross "the line from conceivable to plausible." *Id.* at 570.  A motion to dismiss under the doctrine of res judicata is properly reviewed under the standard for Rule 12(b)(6).  *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 720 (4th Cir. 2006).

## III.    ANALYSIS

Defendant first argues that Plaintiff should have asserted any alleged negligence/negligent misrepresentation and violation of SCUTPA in the foreclosure action and that Plaintiff's failure to raise those claims in that action bars them under the

4

doctrine of res judicata. Because this court agrees that res judicata disposes of all Plaintiffs' claims, it does not address Defendant's remaining arguments.

In deciding whether the doctrine of res judicata applies, this court must refer to the law of the state in which the judgment was rendered. *Brooks v. Arthur*, No. 09–1551, 2010 WL 4676977, at *4 (4th Cir. Nov. 19, 2010). Because the foreclosure action preceding this case was in state court, South Carolina law on res judicata governs.

Under South Carolina law, the doctrine of res judicata requires three elements: "(1) the judgment must be final, valid and on the merits; (2) the parties in the subsequent action must be identical to those in the first; and (3) the second action must involve matter properly included in the first action." *Palmetto Homes, Inc. v. Bradley*, 593 S.E.2d 480, 485 (S.C. Ct. App. 2004). "Under the doctrine of res judicata, '[a] litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit.'" *Plum Creek Dev. Co., Inc. v. City of Conway*, 512 S.E.2d 106, 109 (S.C. 1999) (quoting *Hilton Head Ctr. of S.C., Inc. v. Pub. Serv. Comm'n of S.C.*, 362 S.E.2d 176, 177 (S.C. 1987)). Res Judicata precludes subsequent actions by the same parties when "the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties." *Id.* (quoting *Sub–Zero Freezer Co. v. R.J. Clarkson Co.*, 417 S.E.2d 569, 571 (S.C. 1992)).

Valid default judgments also bar claims under the doctrine of res judicata in the same way as litigated judgments. "'A judgment of a court having jurisdiction of the parties and of the subject matter operates as res judicata, in the absence of fraud or

5

collusion, even if obtained upon a default.'" *Morris v. Jones*, 329 U.S. 545, 550–51 (1947) (quoting *Riehle v. Margolies*, 279 U.S. 218, 225 (1929)).

In the matter before this court, the special referee for Fairfield County entered a default judgment against Plaintiff in the amount of $299,254.17 after Plaintiff failed to answer, plead, or otherwise appear in the foreclosure action filed by Defendant. Plaintiff's claims before this court relate exclusively to Defendant's purported conduct leading up to its failure to modify the loan that was subject to the state foreclosure action. As a result, Plaintiff's claims arose out of the same transaction and occurrence and, thus, involve matters that properly could have been included in that action. The fact that Plaintiff did not actually litigate his claims in the state foreclosure action does not affect this court's decision. The special referee's default judgment was valid, final, and on the merits for purposes of res judicata. Accordingly, Plaintiff's claims are barred, and this court hereby grants Defendant's motion to dismiss.

IT IS SO ORDERED.

December 2, 2013              Joseph F. Anderson, Jr.
Columbia, South Carolina      United States District Judge